NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 11a0349n.06

No. 10-5256

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

**May 23, 2011**

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| ANTHONY W. CALVIN, | ) | |
| | ) | ON APPEAL FROM THE |
| *Plaintiff-Appellant*, | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE MIDDLE |
| v. | ) | DISTRICT OF TENNESSEE |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) | **O P I N I O N** |
| | ) | |
| *Defendant-Appellee*. | ) | |

BEFORE:     COLE and STRANCH, Circuit Judges; and ZATKOFF, District Judge[*]

**ZATKOFF, District Judge**. Plaintiff-Appellant Anthony Calvin seeks review of the district

court's judgment affirming the decision of an Administrative Law Judge ("ALJ"), who denied

Calvin's request for social security disability benefits. We **AFFIRM**.

This Court reviews the district court's conclusion in a social security case de novo. *Valley

v. Comm'r of Soc. Sec.*, 427 F.3d 388, 390 (6th Cir. 2005). Under 42 U.S.C. § 405(g), our review

of the Commissioner's decision is limited to determining whether the findings are supported by

substantial evidence and whether the correct legal standards were applied. We have carefully

reviewed the parties' briefs, the administrative record, the applicable law, and the district court's

order denying Calvin's motion for judgment on the record and adopting the magistrate judge's report

---

[*]The Honorable Lawrence P. Zatkoff, United States District Judge for the Eastern District
of Michigan, sitting by designation.

and recommendation. We agree that substantial evidence supports the ALJ's finding that Calvin is not disabled. Because the district court's decision and the magistrate judge's report and recommendation are well reasoned, we find no need to expand on the analysis.

Calvin also argues that the ALJ did not properly evaluate the credibility of Calvin's statements regarding his pain and symptoms pursuant to 20 C.F.R. § 404.1529.

20 C.F.R. § 404.1529 and Social Security Ruling 96-7p describe a two-part process for assessing the credibility of an individual's statements about symptoms, including pain. First, the ALJ must determine whether a claimant has a medically determinable physical or mental impairment that can reasonably be expected to produce the symptoms alleged; second, the ALJ must evaluate the intensity, persistence, and functional limitations of those symptoms by considering objective medical evidence and other evidence, including: (1) daily activities; (2) the location, duration, frequency, and intensity of pain or other symptoms; (3) precipitating and aggravating factors; (4) the type, dosage, effectiveness, and side effects of any medication taken to alleviate pain or other symptoms; (5) treatment, other than medication, received for relief of pain or other symptoms; (6) any measures used to relieve pain or other symptoms; and (7) other factors concerning functional limitations and restrictions due to pain or other symptoms. 20 C.F.R. § 404.1529(c); Soc. Sec. Rul. 96-7p, 1996 SSR LEXIS 4, at *5-8 (1996). "[A]n ALJ's findings based on the credibility of the applicant are to be accorded great weight and deference, particularly since an ALJ is charged with the duty of observing a witness's demeanor and credibility. Nevertheless, an ALJ's assessment of a claimant's credibility must be supported by substantial evidence." *Walters v. Comm'r of Soc. Sec.*,

127 F.3d 525, 531 (6th Cir. 1997) (citing *Villarreal v. Sec'y of Health and Human Servs.*, 818 F.2d

461, 463 (6th Cir. 1987)).

> With respect to Calvin's credibility, the ALJ stated:
>
> I have considered the claimant's subjective complaints, including those regarding pain, in accordance with 20 C.F.R. § 404.1529, Social Security Ruling 96-7p, and applicable Sixth Circuit case law. I find the claimant and his sister fairly credible. He does have degenerative lumbar and cervical disc disease with a history of cervical laminectomy and no doubt does have some pain. He cannot perform his past work, and he appears to equate that with disability. Of course, I must go one step further and I find nothing in the objective record that would preclude a full range of light work thus allowing for the performance of other work. . . . Considering the evidence in its entirety, the Administrative Law Judge does not find the claimant's complaints persuasive to the extent alleged.

(Admin. R. at 17).

In considering the factors in 20 C.F.R. § 404.1529, the ALJ considered Calvin's daily

activities, which were inconsistent with his claim of being unable to perform light work activity. The

record includes evidence that Calvin provided sole care for his personal needs, provided sole

supervision of his 10 year-old daughter, provided transportation for himself and his daughter,

prepared meals, attended mass regularly, and frequented restaurants, movies, and ball games.

(Admin. R. at 200, 203, 237).

The ALJ also considered the location, duration, frequency, and intensity of Calvin's pain and

other symptoms and precipitating and aggravating factors. The ALJ noted that Calvin's medication

helped to relieve his pain, and this was confirmed by Dr. Lim's treatment notes. (Admin. R. at 17,

229, 231, 233, 234, 236, 237, 240, 241). Calvin also stated that he did not have any side effects from

his medications. (Admin. R. at 331). Finally, the ALJ's determination regarding Calvin's

capabilities was supported by the assessments of Dr. Davis (Admin. R. at 157), Dr. Cowden (Admin. R. at 186–91), Dr. Richard (Admin. R. at 193-96), and Dr. Pettigrew (Admin. R. at 200-04), whose assessments of Calvin's abilities are inconsistent with Calvin's claims. In light of this, and in view of the deference accorded to an ALJ's credibility determinations regarding pain, the ALJ's determination that Calvin's pain was limiting but not disabling is supported by substantial evidence in the record as a whole.

Therefore, we **AFFIRM** the district court's denial of Calvin's motion for judgment on the record for the reasons stated above and in the district court's opinion.